BEULAH HARDER, Appellant, v. EDWARD LE FEBYRE et al., Respondents, and ARTHUR BRAVER et al., Defendants.— Appeal by plaintiff from an order of the Supreme Court, Albany County Special Term, granting a motion by the defendants Edward Le Febyre and William F. Daley to dismiss an action for lack of prosecution pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice. The action was in negligence and for personal injuries sustained by plaintiff in an automobile accident, which occurred on November 8, 1947. Plaintiff was a passenger in a car owned by the defendant Braver and operated by the defendant Copeland. The moving defendants were the owner and operator respectively of the other automobile involved in the collision. An attempt was made to serve process on Braver and Copeland under section 52 of the Vehicle and Traffic Law but this effort proved abortive. Personal service of the summons and complaint was effected on the defendants Le Febyre and Daley in February, 1949. Several attempts were also made to serve the defendants Braver and Copeland personally within the States of New York and Illinois. Up to the time the motion was made these efforts apparently were not successful. It was stated on the oral argument, however, that service had been finally effected. We think that under the circumstances an unconditional dismissal for lack of prosecution was too harsh an exercise of the court's discretionary power. Order reversed, without costs, and the motion denied. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILBER A. MATTHEWS, Appellant.— Appeal from an order of the County Court, Ulster County. The notice of appeal herein states that it is an appeal "from a judgment of conviction of the County Court of Ulster County", but the record discloses, and it seems conceded, that the County Court did not enter a judgment of conviction, but rather an order of affirmance of a judgment of conviction of a Court of Special Sessions which was reviewed on appeal by the County Court. In those circumstances an appeal from the order of affirmance would not lie here. (Code Crim. Pro., § 520.) Appeal dismissed, but the order shall provide that the dismissal is without prejudice to an application by appellant to restore it to the calendar on showing the existence of jurisdiction in this court. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.